**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IWAPI, INC., | No. C 13-80131 RS |
|         Movant/Plaintiff, | |
| v. | **ORDER DENYING MOTION TO CONFIRM ARBITRATION AWARD, FOR LACK OF JURISDICTION** |
| MSHIFT, INC., | |
|         Respondent/Defendant. | |

IWAPI, Inc. initiated this miscellaneous matter to confirm an arbitration award entered in the International Court of Arbitration. Pursuant to Civil Local Rule 7-1(b), IWAPI's motion to confirm the arbitration award is suitable for disposition without oral argument, and the hearing set for August 15, 2013 is vacated. The motion is denied, on grounds that the Court lacks subject matter jurisdiction over this matter. IWAPI contends there is diversity jurisdiction, but it expressly alleges that it and MShift, Inc. are both Delaware corporations. That one of the entities maintains its principal place of business in California and the other in Colorado does not create diversity. *See* 28 U.S.C. §1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of

business . . . ."(emphasis added).); *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491-92 (9th Cir. 1972).

IWAPI's further argument that the parties "contractually agreed" to litigate this matter in either state or federal court is unavailing. It is a fundamental and well-settled principle that parties cannot create subject matter jurisdiction by consent. *See Mitchell v. Maurer*, 293 U.S. 237, 244 (1934) ("lack of federal jurisdiction cannot be waived or be overcome by an agreement of the parties.").[1] The Clerk shall close this file.

IT IS SO ORDERED.

Dated: 8/7/13

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

---

[1] Perhaps in recognition of this principle, the contractual language to which IWAPI points does not purport to convey jurisdiction on the federal courts. Rather, the parties merely agreed, as they have power to do, that *venue* would be proper in state or federal court in Santa Clara County, and that a motion to confirm the arbitration award could be confirmed "in any court having jurisdiction thereof."

2